UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-2332 (CEJ) |
| | ) | |
| CMRE FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

I.     **Background**

Plaintiff Antonio Pratt alleges that, beginning in July 2010, defendant CMRE Financial Services, Inc., began placing collection calls to his cell phone, asking for "Angela Jackson" or "Angela Johnson." Plaintiff alleges that the calls are made to his cell phone on an average of two times a week, and consist of an automated message asking him to "push one to talk with an agent." Plaintiff alleges that he has informed defendant that it has the wrong number and that defendant has informed him that it would stop calling. Nonetheless, he continues to receive calls from defendant on his cell phone seeking to collect a debt from Angela Jackson or Angela Johnson. He filed suit, asserting that defendant's actions violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692d. He seeks statutory damages and attorney's fees and costs.

## II.    Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals  based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570.  See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.")  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Defendant has included in its memorandum a section entitled "Background -- Defendant's Proffered Facts" in which it purports to summarize data gleaned from its phone logs.[1]  The defendant's purpose for including this recitation of "facts" is unclear.  Defendant concedes that, for the purposes of a motion to dismiss, plaintiff's allegations are assumed to be true.  Defendant has not submitted an affidavit or other

---

[1]Defendant contends that its records establish that plaintiff has exaggerated the number and frequency of calls and that plaintiff never informed defendant that it had the wrong number.

documentary evidence to support its claimed facts and has not asked the Court to convert its dismissal motion into one for summary judgment, as contemplated by Rule 12(d). Finally, defendant has not claimed that plaintiff's complaint was signed and filed in violation of Rule 11. Thus, the background facts are completely superfluous to the motion before the Court and will not be considered.

### III. Discussion

The FDCPA provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

"Congress enacted the FDCPA . . . to eliminate abusive debt collection practices [and] to ensure that debt collectors who abstain from such practices are not competitively disadvantaged." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e)). In enacting the FDCPA, Congress meant to ensure that "every individual, whether or not he owes the debt, has a right to be treated in a reasonable or civil manner." Meadows v. Franklin Collection Service, Inc., 2011 WL 479997, at *2 (11th Cir. 2011) (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1178 (11th Cir. 1985). "In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer." Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006).

Defendant argues that plaintiff fails to allege facts that if proven would establish that it acted with the intent to annoy, abuse or harass. Defendant contends that in order to state a claim for actionable harassment plaintiff cannot rely solely on allegations of repeated and continuous phone calls but must plead "something extra" to evidence an intent to harass. "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." Meadows, 2011 WL 479997 at *2 (quoting Jeter, 760 F.2d at 1179). "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008). Whether plaintiff can demonstrate an intent to harass is an issue that cannot be decided at this stage of the case.

Plaintiff alleges that he informed defendant that it was calling the wrong number and that defendant nonetheless continued to call. Defendant argues that this allegation is impermissibly vague and suggests that plaintiff should be required to plead how, when, and through whom it informed defendant it was calling the wrong number. Plaintiff is required to make "a short and plain statement of the claim" showing that he is entitled to relief. Rule 8(a). Plaintiff's allegation satisfies this standard.

Plaintiff has adequately pleaded the elements of his claim that defendant violated the FDCPA.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state

a claim for relief [Doc. #8] is **denied**.


CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 30th day of March, 2011.